UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSHALYN DARDEN,<br>individually and on behalf of others<br>similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COLBEA ENTERPRISES, L.L.C.,<br>and ANDREW DELLI CARPINI,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:23-cv-11540-JEK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR STEP-ONE
NOTICE PURSUANT TO THE FAIR LABOR STANDARDS ACT
AND MOTION TO COMPEL DISCOVERY**

**KOBICK, J.**

    This is a putative collective and class action brought for nonpayment of wages to cashiers and assistant managers working at Seasons Corner Market convenience stores in Massachusetts. Plaintiff Joshalyn Darden alleges that defendants Colbea Enterprises, L.L.C. and Andrew Delli Carpini violated the Massachusetts Wage Act, M.G.L. c. 149, §§ 148, 150 and M.G.L. c. 151, § 15, by failing to pay her and other potential class members wages for time worked and by failing to issue pay stubs that accurately reflect the total number of hours worked. Darden also alleges that the defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay her and other potential collective members overtime at the appropriate rate when they work over forty hours per week.

    Pending before the Court are Darden's motion for conditional certification of the FLSA claim under 29 U.S.C. § 216(b) and motion to compel. Because Darden has demonstrated that the

proposed FLSA collective is similarly situated at this notice stage, her motion for conditional certification will be granted and the Court will approve her proposed notice, subject to certain modifications. Darden's motion to compel will also be granted because the interrogatories and document requests in dispute are relevant to her claims and Colbea has no sound justification for refusing to provide full and complete discovery responses.

## BACKGROUND

The pertinent facts, as alleged in the complaint and set forth in the parties' evidentiary submissions, are as follows. Colbea operates a chain of convenience stores throughout Massachusetts under the name "Seasons Corner Market." ECF 1-1, ¶¶ 3, 17. Andrew Delli Carpini is the Chief Executive Officer[1] of Colbea and participates substantially in setting its financial and employment policies. *See id.* ¶¶ 10-11; ECF 16-3, at 8. In May 2022, Colbea hired the plaintiff, Joshalyn Darden, as a Seasons Corner Market cashier. ECF 1-1, ¶ 18. Colbea pays Darden at a rate of $20.60 per hour. *Id.* ¶ 20.

Colbea requires all hourly employees of Seasons Corner Market, including Darden, to record, either on paper or through a digital system, the times at which they begin and end work each day. *Id.* ¶ 21. Colbea then uses those recorded times to calculate the number of hours each employee works daily. *See id.* ¶ 22. In the process, Colbea routinely rounds down employees' daily hours by adjusting their start times to the upcoming fifteen-minute interval and adjusting their end times to the preceding fifteen-minute interval. *See id.* ¶¶ 22-23. To illustrate, if an employee begins working at 2:56 p.m., Colbea adjusts the employee's start time to 3:00 p.m., and if an employee stops working at 10:17 p.m., Colbea changes the employee's stop time to 10:15 p.m. *Id.* ¶ 23.

---

[1] In the complaint, the plaintiff identifies Carpini as a "manager" of Colbea at all relevant times. ECF 1-1, ¶ 10. The defendants, however, identify Carpini as the Chief Executive Officer of Colbea in response to the plaintiff's first set of interrogatories. ECF 16-3, at 8 (Interrog. Resp. 21).

Darden alleges that, as a result of Colbea's time rounding practice, she and other Seasons Corner Market hourly employees are not fully compensated for the time that they actually work. *Id.* ¶¶ 26, 35. She also alleges that, because of this practice, when she and other Seasons Corner Market hourly employees work more than forty hours per week, Colbea routinely does not pay them one and one-half times their regular rate of pay for overtime hours. *Id.* ¶¶ 34-35. When Darden complained about Colbea's time rounding practice, she was informed that "this is simply how the system works." *Id.* ¶ 30.

The complaint raises five claims. Count I is a claim under the Massachusetts Wage Act, M.G.L. c. 149, §§ 148, 150, for failure to compensate Darden and similarly situated employees for time actually worked. ECF 1-1, ¶¶ 50-55. Count II asserts a claim under the FLSA, 29 U.S.C. § 207(a)(1), for failure to compensate Darden and similarly situated employees at one and one-half times their regular rate of pay for work performed in excess of forty hours in a given week. ECF 1-1, ¶¶ 56-69. Darden seeks designation as a collective action under 29 U.S.C. § 216(b) for this claim. ECF 18, ¶ 1. Count III asserts a claim under the Massachusetts Wage Act, M.G.L. c. 151, § 15; 454 C.M.R. 27.07(2), for failure to issue pay stubs that accurately reflect the total number of hours worked. ECF 1-1, ¶¶ 70-76. Count IV asserts a breach of contract claim for Colbea's alleged failure to pay Darden and similarly situated employees the contractual hourly wage for all of their hours worked. *Id.* ¶¶ 77-83. Count V similarly alleges that Colbea was unjustly enriched by failing to pay employees for work performed. *Id.* ¶¶ 84-86.

# DISCUSSION

I. **Darden's Motion for Conditional Certification of the FLSA Claim.**

    A.    **Certification.**

Darden moves for conditional certification and court-authorized notice under 29 U.S.C. § 216(b) of her FLSA claim on behalf of a proposed collective comprising:

> [a]ll individuals currently or formerly employed by Colbea Enterprises LLC as hourly employees in Massachusetts who were subject to its time rounding practice relative to tracking employees' work time[.]

ECF 18, ¶ 1.

The FLSA provides that an "action to recover the liability" for minimum wage or overtime violations "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Recognizing that the parties and the "judicial system benefi[t] by efficient resolution in one proceeding of common issues of law and fact," *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989), Congress crafted section 216(b) "to enable all affected employees working for a single employer to bring suit in a single, collective action," *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 97 (1st Cir. 2022). Courts have authority to ensure, under section 216(b), that similarly situated employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.

To assess whether employees are "similarly situated" under section 216(b), most courts, including courts in this district, "'follow a two-step approach to determine whether to issue notice' and 'certify' a collective class." *Gonpo v. Sonam's Stonewalls & Art LLC*, No. 16-cv-40138-MGM, 2018 WL 1725695, at *3 (D. Mass. Apr. 9, 2018) (quoting *Cunha v. Avis Budget Car*

*Rental, LLC*, 221 F. Supp. 3d 178, 182 (D. Mass. 2016)). The court first "makes an initial determination of whether the potential class should receive notice of the pending action, and then, later, after discovery is complete, the court makes a final 'similarly situated' determination." *Trezvant v. Fid. Emp. Servs. Corp.*, 434 F. Supp. 2d 40, 42 (D. Mass. 2006).

At the first step, the court assesses whether members of the proposed collective are sufficiently similarly situated "to authorize notice to potential class members." *Id.* at 43. Because this initial determination is made "based 'only on the pleadings and any affidavits which have been submitted,'" it applies "a fairly lenient standard, which typically results in conditional certification.'" *Id.* (quoting *Kane v. Gage Merchandising Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001)); *see also Waters*, 23 F.4th at 89. To prevail, "the plaintiff need only show that there is 'some factual support'—as opposed to mere allegations—that the potential plaintiffs are similarly situated." *Cunha*, 221 F. Supp. 3d at 182 (citation omitted). "A modest factual showing or asserting *substantial* allegations that the putative class members were together the victims of a single decision, policy, or plan that violated the law is sufficient." *Roberts v. TJX Cos., Inc.*, No. 13-cv-13142-ADB, 2017 WL 1217114, at *3 (D. Mass. Mar. 31, 2017) (emphasis in original) (citations and quotation marks omitted). At the second step, upon a motion from the employer to decertify the class, the court applies a "more stringent standard" to determine whether members of the collective are similarly situated. *Gonpo*, 2018 WL 1725695, at * 4 (citations and quotation marks omitted). The court may then "consider, among other factors, 'various defenses available to the employer which appear to be individual to each employee' and other 'fairness and procedural considerations.'" *Id.* (citations omitted).

Darden has satisfied the modest factual showing required at the first step by adequately demonstrating that the proposed collective comprises employees who are similarly situated. The

proposed collective is limited to hourly employees—namely, cashiers and assistant managers—who currently work, or formerly worked at any point during the last three years, in Colbea's Seasons Corner Market retail stores located in Massachusetts. The allegations in the complaint, together with two declarations, establish that cashiers and assistant managers work or have worked more than forty hours per week, are paid hourly, and have been subject to a common policy of time rounding that allegedly violates the FLSA. ECF 1-1, ¶¶ 21-23, 32-38, 56-69; ECF 18-1, ¶¶ 8-9; ECF 18-2, ¶ 4. According to the complaint and declarations, Colbea has subjected all cashiers and assistant managers to a time keeping system that required them to record the times at which they began and ended work, and it has rounded employees' recorded times up or down to the nearest fifteen-minute interval, to the employees' detriment. ECF 18-1, ¶¶ 8-9; 18-2, ¶ 4. Colbea's interrogatory response confirms the existence of the common time rounding policy, explaining: "Colbea's time rounding practice is longstanding. When employees punch in and out, the clock rounds up or down to the nearest fifteen (15) minute increment." ECF 18-2, at 4 (Interrog. Resp. 6). The existence of this common policy is sufficient to demonstrate, at this stage, that members of the proposed FLSA collective are similarly situated. *See Roberts*, 2017 WL 1217114, at *3.

      The defendants' counterarguments are unpersuasive. They contend that Darden's proposed collective is overbroad because it would include hourly corporate employees who do not perform job duties similar to Darden or other cashiers. The defendants reported at the hearing, however, that Colbea's corporate employees are located at its headquarters in Rhode Island. Because the proposed collective is limited to Colbea's hourly employees in Massachusetts, Colbea's corporate employees are not included within the proposed collective and have no bearing on the analysis.

      The defendants also contend that assistant managers in Massachusetts are not similarly situated to cashiers in Massachusetts. But assistant managers and cashiers are paid hourly and

subject to the common policy of time rounding, and at the first step of the section 216(b) analysis, the existence of a common policy is sufficient to demonstrate that assistant managers and cashiers are similarly situated, especially where the policy itself is what allegedly violates the FLSA. *See Roberts*, 2017 WL 1217114, at *3. In addition, the declarations establish that assistant managers and cashiers share some job responsibilities, including the primary duty of charging customers for products that they purchased, ECF 18-1, ¶¶ 4-5, and the duty to clean the stores, ECF 23-1, ¶¶ 4-6. The fact that assistant managers have other duties—supervising cashiers, placing orders for goods, and filling out paperwork—does not render them sufficiently dissimilar to cashiers such that they should be removed from the proposed collective. *See Drake v. Tufts Associated Health Maint. Org., Inc.*, No. 19-cv-11876-FDS, 2021 WL 2767308, at *5 (D. Mass. Feb. 12, 2021) ("[A]t the conditional-certification stage, 'courts routinely grant certification where the proposed class members' job titles or duties are not exactly the same, as long as they are similar.'" (quoting *Lichy v. Centerline Commc'ns LLC*, No. 15-cv-13339-ADB, 2018 WL 1524534, at *3 (D. Mass. Mar. 28, 2018))). Accordingly, Darden has met her burden under the lenient standard for conditional certification of the proposed collective under section 216(b).

### B. Notice.

Darden seeks an order (1) requiring the defendants to, within thirty days, produce the names, last known mailing addresses, e-mail addresses, and phone numbers for all potential members of the FLSA collective; (2) approving the issuance of her proposed Notice and Consent to Join Form, *see* ECF 18-3; and (3) establishing a ninety-day opt-in period and authorizing a reminder notice to be sent forty-five days before the close of the opt-in period. ECF 18, at 1-2. "The specific content of the notice is a matter entrusted to the court's discretion." *Roy v. FedEx*

7

*Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 74 (D. Mass. 2018) (citing *Hoffman-La Roche*, 493 U.S. at 170-72). The defendants object to the method and form of Darden's proposed notice.

First, the defendants contend that Darden's proposed notice is ambiguous and fails to provide sufficient information regarding the eligibility criteria for the proposed collective. In particular, they note that the proposed notice does not list the characteristics specific to the jobs of the proposed collective members, such as departments, areas, activities, payroll practices, salaries, or job duties. Section 3 of the proposed notice provides, "you got this notice because the Company identified you as an hourly employee that worked for the Company in Massachusetts during the last three years—the time period covered by this lawsuit." ECF 18-3, ¶ 3. Because every hourly employee who worked for Colbea in Massachusetts during the last three years was either a cashier or an assistant manager subject to Colbea's time rounding policy, the notice accurately and adequately describes the individuals who are eligible to join the proposed collective.

Second, the defendants argue that the proposed notice suggests that a reader would be entitled to "unpaid overtime wages," notwithstanding whether the reader has a legally cognizable claim against Colbea or is otherwise ineligible to opt into the collective. At the hearing, the parties agreed that the defendants ought to be afforded the opportunity to add up to two sentences describing their position in the case. The defendants may address any imbalance they perceive—including with respect to what individuals may be entitled to recover—through the addition of their sentences to Section 2 of the proposed notice, which describes the nature of the case. Darden shall, accordingly, modify Section 2 to include Colbea's additional sentences.

Third, the defendants contend that the final paragraph of the proposed notice suggests that the Court endorses the merits of this action. The Court disagrees. The final paragraph provides: "This notice has been authorized by the United States District Court [for the] District of

Massachusetts. The Court has taken no position on the merits of this lawsuit. Please do not call or write the judge in this lawsuit. The judge cannot answer questions about this lawsuit or this notice." ECF 18-3, at 2 (emphasis removed). This language sufficiently advises the reader of the Court's neutrality on the merits. Darden need not modify the final paragraph.

Fourth, the defendants contend that Section 6 of the proposed notice, which addresses the implications of joining the lawsuit, omits information that potential class members need to make informed decisions about joining. They note that the notice does not advise potential class members that they may need to testify at a deposition or in court, that the collective may be subject to counterclaims, and that potential opt-in plaintiffs have a right to retain independent counsel.[2] With respect to the litigation obligations and counterclaim risks, Darden argues, and the Court agrees, that the notice need not advise the reader of these obligations and risks, as such language could be confusing and have a chilling effect on the participation of potential plaintiffs. *See Hoffmann-La Roche*, 493 U.S. at 170 (the FLSA allows plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources," which, in turn, benefits the judicial system "by efficient resolution in one proceeding of common issues of law and fact"); *Roy*, 353 F. Supp. 3d at 75 (declining to add language to the notice regarding opt-in plaintiffs' potential costs and litigation obligations). And the Court disagrees with the defendants that the notice omits mention of the right to hire independent counsel. Section 7 of the proposed notice states: "If you do not join the lawsuit, you will not be bound by its outcome. This means that regardless of the result in this lawsuit, you are free to file your own lawsuit, either on your own behalf or through

---

[2] The defendants have also objected that the proposed notice does not alert potential collective members that they may be obligated to pay certain fees in connection with the litigation. At the hearing, counsel for Darden indicated that his firm would agree to pay, on behalf of potential class members, any fees associated with the cost of an adverse ruling. The defendants, in turn, indicated that this resolved their objection with respect to the omission of information about potential fees.

an attorney." ECF 18-3, ¶ 7. This language adequately advises potential opt-in plaintiffs of their option to pursue their own claims through independent counsel. *See Roy*, 353 F. Supp. 3d at 75-76 ("Although potential opt-in plaintiffs need not be specifically advised that they can choose to hire their own counsel, they should be informed that they may choose to hire their own attorneys and pursue a lawsuit individually, unaffected by the course of this collective action." (citation and quotation marks omitted)).

Fifth, the defendants object that the notice does not identify its sender. At the hearing, Darden agreed to the addition of a "From" line that identifies the sender, thus resolving the objection. Darden shall, therefore, modify the notice accordingly.

Sixth, the defendants object that the notice does not provide defense counsel's contact information. Darden responds, and the Court agrees, that inclusion of defense counsel's contact information is unnecessary and runs the risk of generating confusion as to whom potential plaintiffs should contact.

Finally, the defendants object to the methods by which the proposed notice would be distributed. Darden requests permission to send the initial notice by first-class mail, e-mail, and text message to all potential class members, and to send a reminder notice to any potential class members who fail to opt in forty-five days before the close of the opt-in period. She also requests an order that the notice be visibly posted at all of Colbea's stores. The defendants object to all of Darden's proposed methods of dissemination with the exception of first-class mail, and they object to her request to send a reminder notice. Because "[c]ourts routinely allow notice by e-mail," and "also regularly allow plaintiffs to send a reminder notice," Darden is permitted to send the initial notice by first-class mail and e-mail, as well as a reminder notice to those who do not opt in forty-five days before the end of the opt-in period. *Gardner v. Fallon Health & Life Ins. Co., Inc.*, No.

10

4:19-cv-40148-TSH, 2021 WL 4459525, at *4 (D. Mass. Sept. 29, 2021). The Court agrees with the defendants, however, that posting a public notice at Colbea's stores would be unduly prejudicial to Colbea and that notice by text message is unnecessarily intrusive on potential plaintiffs' privacy, particularly where members of the collective will already receive notice by mail and e-mail. *See Drake*, 2021 WL 2767308, at *6.

Accordingly, the Court approves of the text of Darden's proposed notice subject to the aforementioned modifications. Darden is authorized to send initial notice by first-class mail and e-mail, and to send a reminder to those who do not opt in forty-five days prior to the closing of the opt-in period, which shall close ninety days from the mailing of the notice.

## II.     **Darden's Motion to Compel.**

Darden separately moves to compel Colbea to produce full and complete discovery responses to her first set of interrogatories, ECF 16-1, and her first set of requests for production of documents, ECF 16-2, pursuant to Federal Rule of Civil Procedure 37(a). Specifically, she seeks an order compelling Colbea to provide complete answers to Interrogatory Nos. 1, 4, 6-12, and 21, and to provide complete responses and produce all documents responsive to Document Request Nos. 4 and 8-13.

Interrogatory Nos. 1 and 4 and Document Request No. 4 generally request information and documents regarding the identity and scope of the potential class. ECF 16-1, at 5; ECF 16-2, at 7-8. Interrogatory Nos. 6-12 and Document Request Nos. 8-13 generally request information and documents related to the nature and application of Colbea's time rounding policy. ECF 16-1, at 5-6; ECF 16-2, at 8-9. Interrogatory No. 21 requests information regarding Carpini's role at Colbea, his related duties, and his authority to act on behalf of the company. ECF 16-1, at 8.

Colbea did not provide any of the requested information or documents in response to Interrogatory Nos. 1, 4, and 7-12 and Document Request Nos. 4 and 8-13. Instead, Colbea objected on the basis that "[t]here is no class certification in this case," and the interrogatories and document requests are "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence," or some variation thereof. ECF 16-3, at 2-5; ECF 16-4, at 3-6. At the hearing, Colbea indicated that its principal objection to these interrogatories and documents requests related to timing. In Colbea's view, Darden should have moved for conditional certification of her FLSA claim first and then issued its discovery requests once the Court conditionally certified the collective. Colbea cites no sound basis for withholding discovery that may bear on Darden's non-FLSA claims—including her claims under the Massachusetts Wage Act and her common law claims—pending the Court's decision on her motion for conditional certification of the FLSA claim. But since that motion for conditional certification is now granted, Colbea is ordered to produce full and complete discovery responses to Interrogatory Nos. 1, 4, and 7-12 and Document Request Nos. 4 and 8-13.

Interrogatory No. 6 requested that Colbea "[d]escribe in complete detail Colbea's Time Rounding Policy, including by identifying and describing in complete detail: a) the policy; b) how Colbea implemented the policy (including by identifying all relevant digital systems); c) the individual(s) who implemented the policy; d) the categories of Colbea employees to which the policy applied; and e) the dates during which Colbea implemented the policy." ECF 16-1, at 5-6. Colbea responded: "Defendant objects to Interrogatory No. 6 in that it is overly broad, unduly burdensome, and not reasonabl[y] calculated to lead to the discovery of admissible evidence. Subject to and without waving the foregoing general and specific objections, Defendant states as follows: Colbea's time rounding practice is longstanding. When employees punch in and out, the

clock rounds up or down to the nearest fifteen (15) minute increment." ECF 16-3, at 3-4. Interrogatory No. 6 is relevant to the allegations in the complaint that Colbea subjects its employees to an unlawful time rounding policy. And Colbea's response is incomplete. It omits information about how Colbea implemented the time rounding policy, which individuals implemented the policy, the employees to whom the policy applied, and the specific dates during which the policy was enforced. Colbea has made no argument to justify its objection that the interrogatory is overbroad or unduly burdensome. Accordingly, Colbea must produce a full response to Interrogatory No. 6.

Interrogatory No. 21 requested that Colbea "[d]escribe in complete detail Defendant Andrew Delli Carpini's role at Colbea during the Relevant Time Period including his title(s), duties, and all authority he had to act on behalf of Colbea." ECF 16-1, at 8. Colbea responded: "Defendant objects to Interrogatory No. 21 in that it is overly broad, unduly burdensome, and not reasonabl[y] calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendant states that Andrew Delli Carpini is the CEO of Colbea Enterprises and is authorized to direct the business of the company." ECF 16-3, at 8. Under the FLSA and the Massachusetts Wage Act, managers like Carpini may be individually liable for statutory violations. *See Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 47 (1st Cir. 2013); *Donis v. Am. Waste Servs., LLC*, 95 Mass. App. Ct. 317, 330 n.18 (2019), *aff'd in part, rev'd in part*, 485 Mass. 257 (2020). To determine whether a manager is subject to individual liability under the Wage Act, courts consider the extent to which the manager "controls, directs, and participates to a substantial degree in formulating and determining the financial policy of [the] business entity." *Cook v. Patient Edu, LLC*, 465 Mass. 548, 549 (2013) (quotation marks omitted). Similarly, to determine whether an employee has sufficient operational control to give

rise to individual liability under the FLSA, courts conduct a fact-specific analysis of the employee's ownership of the company or authority over the company's finances, among other aspects of the business. *Manning*, 725 F.3d at 47-48. Darden argues, and the Court agrees, that her questions regarding Carpini's titles, duties, and authority in Interrogatory No. 21 bear on whether Carpini may be individually liable under the Wage Act and the FLSA. Colbea's response—that Carpini "is the CEO of Colbea Enterprises and is authorized to direct the business of the company"—is not fully responsive. ECF 16-3, at 8. And, as with Interrogatory No. 6, Colbea has forfeited any argument that Interrogatory No. 21 is overbroad or unduly burdensome. Accordingly, Colbea is ordered to provide a complete answer to Interrogatory No. 21.

## CONCLUSION AND ORDER

The plaintiff's motion to conditionally certify a class and authorize notice pursuant to 29 U.S.C. § 216(b), ECF 18, is GRANTED in part and DENIED in part. It is hereby ORDERED that the defendants shall identify all putative collective members by providing a list of their names, last known mailing addresses, and e-mail addresses in electronic and importable format within 30 days of the entry of this order. The plaintiff is authorized to issue notice to all members of the conditionally certified collective in the form attached at ECF 18-3, with the addition of the modifications required by this opinion. The plaintiff is also authorized to send a reminder notice to any potential plaintiffs who fail to opt in forty-five days before the close of the opt-in period, which shall close ninety days from the mailing of the notice.

The plaintiff's motion to compel discovery, ECF 16, is GRANTED. It is hereby ORDERED that the defendants provide full and complete discovery responses to all interrogatories and document requests subject to the plaintiff's motion to compel. The plaintiff's request for costs and attorneys' fees incurred in connection with the motion to compel is DENIED.

SO ORDERED.

|  |  |
|---|---|
| Dated: May 7, 2024 | /s/ Julia E. Kobick<br>Julia E. Kobick<br>United States District Judge |